IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAYMO'S SOUCES, LLC,<br>　　Plaintiff/Counterclaim-<br>　　Defendant,<br><br>v.<br><br>THE WENDY'S COMPANY,<br>　　Defendants/Counterclaim-<br>　　Plaintiff,<br><br>and<br><br>QAULITY IS OUR RECIPE, LLC,<br>　　Counterclaim Plaintiff. | Case No. 1:19-cv-01026-JBM-JEH |

**Order**

Before the Court is a Motion for Leave to File a Motion Under Seal filed by the Plaintiff/Counterclaim-Defendant, Jaymo's Sauces, LLC (Jaymo). For the reasons stated, *infra*, the motion is denied without prejudice. (D. 63).[1]

On October 16, 2020, Jaymco filed a Sealed Motion (D. 62), along with the Motion for Leave to File Document Under Seal, pursuant to Local Rule 5.10(A)(2). This Rule provides that where a party believes a document meets the legal standards for filing under seal, the party should file the document as a "Sealed Motion" along with a contemporaneously filed separate motion for leave to file the document under seal.

---

[1] Citations to the docket are abbreviated as "(D. __ at ECF p. __)."

As a basis for the Motion for Leave to File Document Under Seal, Jaymco notes that this action involves a claim of trademark infringement. Some of the documents Jaymco seeks to reference in its Sealed Motion are documents that were designated as "Attorney Eyes Only" or "Confidential" pursuant to the Protective Order entered by this Court on May 17, 2019. (D. 21).

As this Court's Standing Order provides, a party's designation of documents as confidential is not sufficient to establish that a document should be filed under seal. Specifically, this Court's Standing Order states:

> Parties should be mindful that whether a document may be filed under seal must be balanced with the "[ ] common law right of public access to judicial records." *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). The Seventh Circuit has found that judicial records should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter International, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). The Seventh Circuit has noted that "[i]nformation that affects the disposition of litigation belongs in the public record *unless a statute or privilege justifies nondisclosure.*" *USA v. Maurice Foster*, 564 F.3d 852 (7th Cir. 2009)(emphasis added), *citing Baxter International Inc.*, 297 F.3d at 545-46.
>
> Accordingly, when seeking to file a document under seal, parties shall state with specificity the legal basis which allows the Court to seal the document. When possible, parties should seek to seal only those portions of a document which may properly be sealed by way of redaction.
>
> The parties cannot agree in a protective order to file under seal documents which otherwise do not meet the legal standards for filing a document under seal. The Court will strike any provision in a proposed protective order which seeks to limit the Court's authority to determine whether a document should be filed under seal.

(D. 14). This provision of the Court's Standing Order is consistent with Local Rule 5.10(A)(2), which requires that a motion for leave to file under seal "must include an explanation of how the document meets the *legal standards* for filing sealed documents." Local Rule 5.10(A)(2) (emphasis added). Jaymco's motion does not demonstrate how either the Sealed Motion or its Exhibits meet the legal standards for documents which may appropriately be shielded from the public. Moreover, this Court's own review of the Sealed Motion and its Exhibits reveals no readily apparent basis for the documents to be filed under seal, such as the revelation of a trade secret, privileged communications, or other information protected from disclosure by statute. *See Baxter*, 297 F.3d at 545.

Accordingly, the Motion to File Under Seal (D. 63) is denied. Pursuant to Local Rule 5.10(A)(4), the Sealed Motion (D. 62) will not be considered by the Court. Pursuant to that same Rule, Jaymo may re-file the Sealed Motion "in the normal fashion as an unsealed document" or file a renewed motion for Leave to File Under Seal demonstrating why filing the document under seal meets the legal standard for doing so. Local Rule 5.10(A)(4). Finally, should Jaymo file a renewed motion for leave to file under seal, it "should seek to seal only those portions of a document which may properly be sealed by way of redaction." (D. 14).

*It is so ordered.*

Entered: October 19, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge